Edward J. Poulos, J.
The matter before the court is a motion filed by counsel for the respondent for an order pursuant to the provisions of CPL 100.15, 100.20, 100.30 and 100.40, dismissing the petition for failure to state a cause of action. The original petition herein was filed by a Nassau County detective assigned to the Juvenile Aid Bureau of the Nassau County Police Department. It was filed on information and belief, and alleged that the respondent committed an act which, if committed by an adult, would constitute the crime of burglary in the third degree in violation of section 140.20 of the Penal Law of the State of New York. The petition further states in para *542 graph 9 “ 9. As to the allegations herein made upon information and belief the sources of Petitioner’s information and grounds of belief are the statements and admissions of Respondent, if any, made to your Petitioner, and the statements and depositions of witnesses, if any, made to your Petitioner now on file with this Court.”
The respondent contends that since the petition was not verified in the manner prescribed by CPL 100.30 and since the statement of the complainant which supports the petition was not verified as required by CPL 100.20, the petition must be dismissed.
The question presented to the court is: Do the said sections of the CPL of the State of New York apply to the procedures of the Family Court! This court is of the opinion that they do not.
The Family Court of the State of New York came into existence on September 1, 1962 (N. Y. Const., art. VI; L. 1962, ch. 686). It is a civil court with no criminal jurisdiction and was established “ to provide a due process of law ” (Governor’s Memoranda on Bills Approved, N. Y. Legis. Annual, 1962, pp. 365, 368), and to avoid and do away with the inequities and in some cases illegal procedures that were practiced in the predecessor Childrens and Domestic Relations Courts especially in those cases that involved juveniles.
The CPL was enacted by the 1970 Legislature and became effective on September 1,1971. CPL 1.10 provides: “ 1. The provisions of this chapter apply exclusively to: (a) All criminal action^ and proceedings commenced upon or after the effective date thereof and all appeals and other post-judgment proceedings relating or attaching thereto; and (b) All matters of criminal procedure prescribed in this chapter which do not constitute a part of any particular action or case, occurring upon or after such effective date.” (Emphasis supplied).
CPL 10.10 provides: “1. The ‘ criminal courts ’ of this state are comprised of the superior courts and the local criminal courts.
“ 2, ‘ Superior court ’ means: (a) The supreme court; or (b) A county court.
“3. ‘ Local criminal court’ means: (a) A district court; or (b) The New York City criminal court; or (c) A city court; or (d) A town court; or (e) A village court; or (f) A supreme court justice sitting as a local criminal court; or (g) A county judge sitting as a local criminal court.”
The Family Court is specially noticeable by its absence from the above list of criminal courts. It is well settled and a long *543 standing theory of the law that the Legislature was well aware of existing laws at the time it made the change from the Code of Criminal Procedure to the CPL (Matter of Erikson v. Helfand, 1 A D 2d 59, affd. 1 N Y 2d 775). The Family Court had been in existence for a period of 9 years before the CPL took effect and the Legislature saw fit to omit this ever growing Statewide court from the list of courts to which the CPL would apply.
It has been argued that since the Gault case (387 U. S. 1), with respect to juvenile delinquency proceedings, the Family Court is a criminal court and criminal rules and procedures apply. That was not the holding in the Gault case. Nowhere in that case is there any statement that a juvenile court is a criminal court. The ruling in Gault was based solely on the fact that the juvenile was denied due process of law as required by the Fifth and Sixth Amendments to the United States Constitution which were made obligatory on the States by the Fourteenth Amendment.
The court stated (pp. 13-14): “ that the Due Process clause has a role to play. The problem is to ascertain the precise impact of the due process requirement upon such proceedings. * * * From the inception of the juvenile court system, wide differences have been tolerated — indeed insisted upon — between the procedural rights accorded to adults and those of juveniles. In practically all jurisdictions, there are rights granted to adults which are withheld from juveniles ”.
In Gault, the court decided that due process and fair treatment require that the juveniles be granted certain rights that are available to all adults. Namely: 1. Timely notice of charges, 2. Bight to counsel, 3. Bight of confrontation and cross-examination, 4. Privilege against self incriminaiton.
In connection with this privilege against self incrimination, the court stated (p. 49): “juvenile proceedings to determine ‘ delinquency,’ which may lead to commitment to a state institution, must be regarded as ‘ criminal ’ for purposes of the privilege against self-incrimination”. (Emphasis supplied.) This is certainly a far cry from saying a juvenile court is a criminal court and all the rules of criminal procedure should apply to the juvenile proceedings.
In Mr. Justice Stewart’s dissenting opinion, he states (pp. 78-79), “ Whether treating with a delinquent child, a neglected child, a defective child, or a dependent child, a juvenile proceeding’s whole purpose and mission is the very opposite of * * * a prosecution in a criminal court. The object of the
*544 one is a correction of a condition. The object of the other is conviction and punishment for a criminal act * * * The inflexible restrictions that the Constitution so wisely made applicable to adversary criminal trials have no inevitable place in the proceedings of those public social agencies known as juvenile or family courts. And to impose the Court’s long catalogue of requirements upon juvenile proceedings in every area of the country is to invite a long step backwards into the nineteenth century ”. (Emphasis supplied.)
Matter of Winship (397 U. S. 358) added one more essential of due process and fair treatment to juvenile proceedings — proof beyond a reasonable doubt during the fact finding part of a juvenile delinquency hearing. While adding this additional safeguard, nowhere did the court state that juvenile proceedings were criminal and should be governed by criminal procedures. In fact, the court stated (p. 367), “ the observance of the standard of proof beyond a reasonable doubt will not compel the States to abandon or displace any of the substantive benefits of the juvenile process ”.
In Mr. Justice Harlan’s concurring opinion, he stated (pp. 374-375): “ I wish to emphasize, as I did in my separate opinion in Gault * * * that there is no automatic congruence between the procedural requirements imposed by due process in a criminal case, and those imposed by due process in juvenile cases. It is of great importance, in my view, that procedural strictures not be constitutionally imposed that jeopardize ‘ the essential elements of the State’s purpose ’ in creating juvenile courts
In a dissenting opinion, Mr. Justice Burger and Mr. Justice Stewart said {supra, p. 376): “ the original concept of the juvenile court system was to provide a benevolent and less formal means than criminal courts could provide for dealing with the special and often sensitive problems of youthful offenders * * * What the juvenile court system needs is not more but less of the trappings of legal procedure and judicial formalism ; the juvenile court system requires breathing room and flexibility in order to survive, if it can survive the repeated assaults from this Court * * * Z cannot regard it as a manifestation of progress to transform juvenile courts * * * which is what we are well on our way to accomplishing”. (Emphasis supplied.)
In Kent v. United States (383 U. S. 541) which was the first of the trilogy of cases involving juveniles decided by the highest court in the land, in court stated, “we do not mean * * # *545 to indicate that the hearing to he held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.” (Emphasis supplied).
It can be readily seen from a reading of the three cited cases that the Supreme Court of the United States is not holding that a juvenile or Family Court is a criminal court to be governed by all the laws and procedures applicable to criminal courts: They have held that under the due process clause of the Constitution and in fair treatment for all, whether adult or child, certain guarantees of the Constitution apply to all people coming before the courts. More cannot and should not be read into what these learned Justices have already decided to be the law in the special proceedings involving juveniles.
A review of the New York case law shows that while juvenile delinquency proceedings are quasi-criminal in nature (Matter of Gregory W., 19 N Y 2d 55), the Code of Criminal Procedure did not apply to the Family Court (Matter of Palmer v. Mclnerney, 35 A D 2d 428). In the latest Court of Appeals decision, Matter of D. (Daniel) (27 N Y 2d 90), the court stated in unequivocal terms (p. 95), “ suffice it to say that Family Court procedure is not governed by the Code of Criminal Procedure ”.
The procedure in the Family Court is, in fact, governed by provisions in the act itself, or if there be moré, then by rules adopted by the Administrative Board of the Judicial Conference, or by the CPLB. Of course, this procedure, as with all judicial proceedings, must satisfy the constitutional requirements of due process and equal protection.
There is no conflict between the Gault and Winship cases (387 U. S. 1 ; 397 U. S. 358, supra) and the New York cases. The Federal cases simply require that juvenile proceedings must conforjn to due process of law as required by the Federal Constitution, but do not specify or restrict the form that due process shall take and certainly recognize that the form prescribed for adult criminal proceedings may differ from the form set forth for juvenile proceedings. While juvenile proceedings must conform to the Constitution, they need not conform to the CPU.
In this court, all statements taken by the Police Department are made part of the court file as provided by the Family Court Act and as stated in paragraph 9 of the form of petition set forth in the act (Family Ct. Forms, Form 7-6). Copies of these statements are available to the respondent and his counsel *546 prior to any hearing. This was the procedure followed in this case and in the opinion of this court, conformed with the law of the State of New York and satisfied the requirements of the Constitution of the United States.
The motion is denied.